UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

ZUFFA, LLC d/b/a Ultimate Fighting
Championship,

Plaintiff,

-against-

STEVEN TRIGOBOFF, Individually, and as officer,
director, shareholder and/or principal of THIRD AVE
& ST. MARKS INC., d/b/a CONTINENTAL,

and

THIRD AVE & ST. MARKS INC., d/b/a CONTINENTAL,

Defendants.

-------------------------------------------------------------------------

**COMPLAINT**

Civil Action No.

Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

1.  This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2.  This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3.  Upon information and belief, venue is proper in this court because, <u>inter alia,</u> a substantial part of the events or omissions giving rise to the claim occurred within New York County, which is within the Southern District of New York (28 U.S.C. § 1391(b) and 28 U.S.C. §112(b)).

4. This Court has personal jurisdiction over the parties in this action.  Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of New York and certain activities of Defendants giving rise to this action took place in the State of New York; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the State of New York.  Moreover, upon information and belief, Defendants has their principal place of business within the State of New York; thus, this Court has personal jurisdiction over Defendants.

## <u>THE PARTIES</u>

5.  The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118.

6.  Plaintiff is the owner of the UFC 229 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for October 6, 2018, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

7.  Upon information and belief the Defendant, STEVEN TRIGOBOFF, resides at 240 E Houston Street, Apt. 5A, New York, NY 10002.

8.  Upon information and belief the Defendant, STEVEN TRIGOBOFF, is an officer, director, shareholder and/or principal of THIRD AVE & ST. MARKS INC., d/b/a CONTINENTAL located at 25 3rd Avenue, New York, NY 10003.

9.  Upon information and belief the Defendant, STEVEN TRIGOBOFF, was the individual with supervisory capacity and control over the activities occurring within the establishment known as CONTINENTAL, located at 25 3rd Avenue, New York, NY 10003.

10.  Upon information and belief the Defendant, STEVEN TRIGOBOFF, received a financial benefit from the operations of THIRD AVE & ST. MARKS INC., on October 6, 2018.

11.  Upon information and belief, Defendant, STEVEN TRIGOBOFF, was the individual with close control over the internal operating procedures and employment practices of CONTINENTAL, on October 6, 2018.

12.  Upon information and belief the Defendant, THIRD AVE & ST. MARKS INC., is a domestic corporation licensed to do business in the State of New York.

13.  Upon information and belief, the Defendant, THIRD AVE & ST. MARKS INC., d/b/a CONTINENTAL, is located at 25 3rd Avenue, New York, NY 10003, and had a capacity for 101-200 people on October 6, 2018.

14.  Upon information and belief, the Defendant, THIRD AVE & ST. MARKS

INC., d/b/a CONTINENTAL, is a business entity, having its principal place of business at 25 3rd Avenue, New York, NY 10003.

15.   Upon information and belief, Defendant, STEVEN TRIGOBOFF, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative means.

## COUNT I

16.   Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17.   Plaintiff is the owner of the UFC 229 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for October 6, 2018, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

18.  Plaintiff's Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

19.  Plaintiff, for a licensing fee, entered into licensing agreements with various entities in the State of New York, allowing them to publicly exhibit the Broadcast to their patrons.  Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the satellite Broadcast.

20.   The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet.   Owners of commercial establishments wishing to

avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

21.  In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non commercial, personal use only**.

22.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal and did exhibit the Broadcast at CONTINENTAL located at 25 3rd Avenue, New York, NY 10003 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23.  Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast by ordering programming for residential use and subsequently displaying the programming in the commercial establishment known as CONTINENTAL for commercial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

24. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal and unauthorized  methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, de-crypt, unscramble and receive the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. Recently emerging over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, such as (1) Broadband or internet broadcast; and/or (2) Live Social Media Streaming ("Nano-Piracy") are additional methods in which pirated material can be obtained without requiring users to subscribe to a traditional cable or satellite pay-tv service such as Comcast, DIRECTV or Time Warner Cable and are readily available to anyone with a Smartphone.  The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.  Each of the above described methods would allow Defendant to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast.  However, it is logical to conclude that Defendants utilized one of

the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

25.  47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

26.  By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

27.  By reason of the aforementioned Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

28.  As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

29.  Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

30.  Plaintiff hereby incorporates paragraphs "1" through "15" and "17" through 24," inclusive, as though fully set forth herein.

31.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their

agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

32.   47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

33.   Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

34.   By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

35.   As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

36.   Plaintiff hereby incorporates paragraphs "1" through "15" and "17" through "24," and "31," inclusive, as though fully set forth herein.

37.   Plaintiff is the owner of the copyright to the UFC 229 Broadcast, including all

undercard matches and the entire television Broadcast, scheduled for October 6, 2018, via closed circuit television and via encrypted satellite signal. The applications for certificate of copyright registrations were filed with the U.S. Copyright Office on November 5, 2018 under Nos. 1-7090499561 and 1-7090499667. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

38.   As a copyright holder of the rights to the UFC 229 Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to exhibit same.

39.   Defendants never obtained the proper authority or license from Plaintiff, or its authorized agent for commercial distribution, to publicly exhibit the UFC 229 Broadcast on October 6, 2018.

40.   Upon information and belief, with full knowledge that the UFC 229 Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendants and/or their agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on October 6, 2018.

41.   Specifically, upon information and belief, the Defendants and/or their agents, servants, workmen and employees unlawfully obtained the UFC 229 Broadcast, enabling Defendants to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

42.  By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

43.  By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

44.  As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

45.  Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against each of the aforementioned Defendants, *jointly and severally*, granting to plaintiff the following:

(a) Declare that Defendants' unauthorized exhibition of the October 6, 2018, UFC 229 Broadcast, violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain.

(b)  On the first cause of action, statutory penalties in an amount, in the discretion of this Court, allows for a recovery between $1,000 and $10,000, up to the maximum amount of $110,000.00 as to each Defendants for their willful violation of 47 U.S.C. §605 (a); or

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each Defendants for their violation of 47 U.S.C. §553.

(d) Attorney's fees, interest, costs of suit as to each Defendants pursuant to 47 U. S. C. § 605 (e).

(e) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to each Defendants pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a).

(f) Attorney's fees, interest, costs of suit as to each Defendants pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii) and/or §553 (c)(2)(C).

(g) Attorney's fees, interest, costs of suit as to each Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

Dated:   December 28, 2018
        Ellenville, New York

                                    **ZUFFA, LLC**

                                    By:  /s/Julie Cohen Lonstein
                                    JULIE COHEN LONSTEIN, ESQ. (JL8521)
                                    Attorney for Plaintiff
                                    LONSTEIN LAW OFFICE, P.C.
                                    190 South Main Street: P.O. Box 351
                                    Ellenville, NY  12428
                                    Tel:  (845) 647-8500
                                    Fax:  (845) 647-6277
                                    Email: Legal@signallaw.com
                                    *Our File No. ZU18-10NY-02*